UNITED STATES DISTRICT COURT      b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ZHI QIANG YE                              CIVIL ACTION NO. 1:16-CV-01742

VERSUS                                    CHIEF JUDGE DRELL

PHILLIP T. MILLER, *et al.*               MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff Zhi Qiang Ye ("Ye") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ye contests his continued detention since May 4, 2016, by the United States Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security, pending his removal to China. Ye contends he is a native of China. Ye further contends his order of removal was final on August 24, 2009 and that ICE has been unable to obtain travel documents. Ye is presently detained in the LaSalle Detention Center in Jena, Louisiana.

Ye has been a lawful permanent resident since 1989 (Doc. 12-2). After a temporary trip abroad in 2007, Ye was paroled back into the United States (Doc. 12-2). Ye's parole was then revoked because he was convicted of crimes of moral turpitude in 2003 in California (Doc. 12-2). A final order of removal was entered on August 24, 2009 (Docs. 12-2, 12-3, p. 1/42). However, Ye was not taken into custody until May 4, 2016 (Doc. 12). Ye has remained in ICE custody since then.

Ye contends that ICE has not been able to procure travel documents for him due to lack of cooperation by the Chinese government. Ye further claims there is no

significant likelihood that he will be removed to China in the reasonably foreseeable future. Ye seeks release from detention pending his removal from this country, pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

II. Law and Analysis

Through an affidavit from Richard A. Brooks, the Assistant Field Office Director of the ICE office in Oakdale, Louisiana, Respondents show that Ye was released on May 5, 2017, pending his removal from the United States (Doc. 19-3).

An action is rendered moot when the court cannot grant the relief requested by the moving party. See Salgado v. Federal Bureau of Prisons, 220 Fed. Appx. 256, 257 (5th Cir. 2007) (citing Brown v. Resor, 407 F. 2d 281, 283 (5th Cir. 1969)). A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents. See Adair v. Dretke, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citing Goldin v. Bartholow, 166 F. 3d 710, 717-18 (5th Cir. 1999)).

Since Ye has been released and has thereby achieved the sole relief requested in his habeas petition, his habeas petition has been rendered moot. Therefore, Respondents' motion to dismiss Ye's habeas petition (Doc. 19) should be granted.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 19) be GRANTED and Ye's habeas petition be DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A

party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the Magistrate Judge is neither required nor encouraged. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this __25th__ day of May, 2017.

                                                    Joseph H.L. Perez-Montes
                                                  United States Magistrate Judge